UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

STACY E. CAMERON,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendants.

Case No. 3:17-cv-103

District Judge Walter H. Rice
Magistrate Judge Michael J. Newman

___

**REPORT AND RECOMMENDATION[1] THAT: (1) THE NON-DISABILITY FINDING AT ISSUE BE FOUND UNSUPPORTED BY SUBSTANTIAL EVIDENCE, AND REVERSED; (2) THIS MATTER BE REMANDED TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR PROCEEDINGS CONSISTENT WITH THIS OPINION; AND (3) THIS CASE BE CLOSED**

___

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Supplemental Security Income ("SSI") and/or Disability Insurance Benefits ("DIB").[2] This case is before the Court upon Plaintiff's Statement of Errors (doc. 11), the Commissioner's memorandum in opposition (doc. 12), Plaintiff's reply (doc. 13), the administrative record (doc. 9), and the record as a whole.[3]

### I.

**A.**    **Procedural History**

Plaintiff filed for DIB and SSI alleging a disability onset date of February 8, 2011. PageID 343-55. Plaintiff claims disability as a result of a number of alleged impairments

___

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] "The Commissioner's regulations governing the evaluation of disability for DIB and SSI are identical . . . and are found at 20 C.F.R. § 404.1520, and 20 C.F.R. § 416.920 respectively." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Citations in this Report and Recommendation to DIB regulations are made with full knowledge of the corresponding SSI regulations, and *vice versa*.

[3] Hereafter, citations to the electronically-filed record will refer only to the PageID number.

including, *inter alia*, obesity, diabetes mellitus, sleep apnea, fibromyalgia, left knee degenerative disc disease, depression, anxiety, and post-traumatic stress disorder ("PTSD"). PageID 62.

After initial denial of her applications, Plaintiff received a hearing before ALJ Gregory G. Kenyon on January 4, 2016. PageID 82-140. The ALJ issued a written decision on March 2, 2016 finding Plaintiff not disabled. PageID 60-73. Specifically, the ALJ found at Step Five that, based upon Plaintiff's residual functional capacity ("RFC") to perform a reduced range of light work,[4] "there are jobs in that exist in significant numbers in the national economy that [she] can perform[.]" PageID 65-72.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 39-44. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

**B.     Evidence of Record**

The evidence of record is adequately summarized in the ALJ's decision (PageID 63-73), Plaintiff's Statement of Errors (doc. 11), the Commissioner's memorandum in opposition (doc. 12), and Plaintiff's reply (doc. 13). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

## II.

**A.     Standard of Review**

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed

---

[4] Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls." *Id*. § 404.1567(b). An individual who can perform light work is presumed also able to perform sedentary work. *Id*. Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." *Id*. § 404.1567(a).

the correct legal criteria. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742,745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability" Defined

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity;

2. Does the claimant suffer from one or more severe impairments;

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1;

4. Considering the claimant's RFC, can he or she perform his or her past relevant work; and

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform;

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

## III.

On appeal, Plaintiff argues that the ALJ erred by: (1) failing to properly determine her mental health related limitations (and thus relying upon an incorrect RFC); (2) improperly weighing the opinion evidence, including the opinion of treating physician Carol Barlage, M.D., and treating counselor Stephanie Wilson, L.P.C.; and (3) concluding wrongly that her alleged neuropathy is not a medically determinable impairment. Doc. 11 at PageID 1769-83. Finding error in the ALJ's assessment of Plaintiff's mental health limitations, as well as the ALJ's weighing of Dr. Barlage's opinion, the Court does not address Plaintiff's other alleged errors and, instead, directs that these issues be addressed by the ALJ on remand.

### A.     Mental Residual Functional Capacity

The Commissioner's regulations provide that a claimant's "impairment(s), and any related symptoms, such as pain, may cause physical and mental limitations that affect what [he or she] can do in a work setting." 20 C.F.R. § 404.1545(a)(1). An individual's RFC "is the most

[he or she] can still do despite [his or her] limitations." *Id.* While the determination of an RFC is within the ALJ's province, "the RFC is ultimately a medical question that must find at least some support in the medical evidence of record." *Powell v. Comm'r of Soc. Sec.*, No. 3:15-CV-406, 2017 WL 1129972, at *4 (S.D. Ohio Mar. 27, 2017) (citing *Casey v. Astrue*, 503 F.3d 687, 697 (8th Cir. 2007)). In other words, "[t]he [RFC] opinions of treating physicians, consultative physicians, and medical experts who testify at hearings are crucial to determining a claimant's RFC because '[i]n making the residual functional capacity finding, the ALJ may not interpret raw medical data in functional terms.'" *Isaacs v. Astrue*, No. 1:08-CV-00828, 2009 WL 3672060, at *10 (S.D. Ohio Nov. 4, 2009) (quoting *Deskin v. Commissioner*, 605 F.Supp.2d 908, 912 (N.D. Ohio 2008)).

In this case, the ALJ found that Plaintiff had the following RFC:

> to [perform light work . . . subject to the following limitations: (1) occasional crouching, stooping, and climbing of ramps and stairs; (2) no crawling, kneeling, or climbing of ladders, ropes, and scaffolds; (3) no work around hazards such as unprotected heights or dangerous machinery; (4) no driving of automotive equipment; (5) occasional use of the left lower extremity for pushing, pulling, or operating foot controls; (6) no concentrated exposure to temperature extremes, wet or humid areas, or respiratory irritants; (7) limited to performing unskilled, simple, repetitive tasks; (8) occasional contact with co-workers, supervisors, and members of the general public; (9) no fast paced production work or jobs involving strict production quotas; and (10) limited to performing jobs in a relatively static work environment in which there is very little, if any, change in the job duties or the work routine from one day to the next.

PageID 65. In determining Plaintiff's mental health limitations in the RFC, the ALJ relied significantly on the opinions of record-reviewing psychologists Joseph Cools, Ph.D. and Patricia Semmelman, Ph.D., whom he gave "great weight." PageID 69.

Specifically, Dr. Cools opined that Plaintiff has moderate limitations[5] in her ability to complete a normal workday and workweek; can perform work not requiring adherence to strict production quotas; can only interact with others on a superficial basis; and can perform work which does not require frequent changes in routine. PageID 190-91, 207-08. Dr. Semmelman opined that Plaintiff can sustain concentration and attention for routine tasks; can carry out two-step commands with adequate persistence and pace; would struggle with detailed or complex instructions; can only interact with others on a superficial basis; and can perform work not requiring frequent changes in duties. PageID 225-26, 243-44.

While the ALJ found that Plaintiff is able to have "occasional contact" with others, Plaintiff argues such limitation fails to address the opinions of Drs. Cools and Semmelman, both of whom opined that Plaintiff is only able to interact superficially with others. In other words, while the ALJ found Plaintiff limited with regard to the *frequency* with which she can interact, he failed to address the fact -- based upon the opinions of Drs. Cools and Semmelman -- that the *nature* of her interaction with others must be limited. *See* PageID 65, 190-91, 207-08, 225-26, 243-44. The undersigned agrees.

An ALJ must meaningfully explain why certain limitations are not included in the RFC determination, especially when such limitations are set forth in opinions the ALJ weighs favorably. *See* SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996); *O'Ryan v. Comm'r of Soc. Sec.*, No. 3:14-CV-125, 2015 WL 6889607, at *4 (S.D. Ohio July 30, 2015) (string citation omitted). Courts have found error where, as here, an ALJ fails to address a medical source's opinion regarding both the nature and frequency of an individual's ability to interact with others in the workplace. *See Walsh v. Colvin*, No. 3:15CV1708, 2016 WL 1752854, at *14 (N.D. Ohio

---

[5] Whereas "mild" and "moderate" functional limitations are generally considered "non-disabling," *see Sims v. Comm'r of Soc. Sec.*, 406 F. App'x 977, 980 (6th Cir. 2011), "marked" limitations are suggestive of disability. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(C); *Lankford v. Sullivan*, 942 F.2d 301, 307 (6th Cir. 1991).

May 3, 2016); *Gonzalez v. Colvin*, No. 1:13-CV-01358, 2014 WL 1333713, at *9 (N.D. Ohio Mar. 28, 2014); *Hill v. Colvin*, No. 3:14-CV-2073-TLS, 2015 WL 8752361, at *5 (N.D. Ind. Dec. 14, 2015). Absent any explanation as to why a limitation regarding the nature of Plaintiff's interaction with others in the workplace was omitted, the undersigned finds error in the ALJ's RFC determination. Doc. 65.

In addition, the ALJ also failed to address -- as opined by Drs. Cools and Semmelman -- Plaintiffs' moderate limitation in her ability to complete a normal workday and workweek as a result of her anxiety and depression. *See* PageID 190, 207, 225, 243. Such omission is error. *See Falconi v. Comm'r of Soc. Sec.*, No. 1:08CV622, 2009 WL 3790176, at *10 (S.D. Ohio Nov. 11, 2009) (the ALJ's limitations, that Plaintiff is able to 'perform simple, routine, repetitious work in a low stress environment with no strict production requirement,' do[es] not adequately address the limitation of her ability to complete a normal workday"). Further, such error is notable because the opinions of Drs. Cools and Semmelman in this regard are consistent with the opinions of Plaintiff's treating physician, Dr. Barlage, and her treating mental health counselor, Stephanie Wilson -- both of whom opine that, as a result of her mental impairments, Plaintiff would have five or more partial or full day unscheduled absences each month.[6] PageID 190-91, 207-08, 225-26, 243-44, 1641-43.

In light of the foregoing, the ALJ's non-disability finding is found unsupported by substantial evidence.

---

[6] Dr. Barlage and Ms. Wilson also opined that Plaintiff has marked limitations in her ability to accept instruction from others or respond appropriately to criticism; perform and complete tasks at a consistent pace; maintain attention and concentration for more than brief periods of time; behave predictably, reliably, and in an emotionally stable manner; maintain her personal appearance and hygiene; and tolerate customary work pressures. PageID 1641-43. They both also opined that Plaintiff is extremely limited in her ability to perform work at production levels. PageID 1642.

### B. Treating Physician Opinion Evidence

The undersigned also finds error in the ALJ's assessment of Dr. Barlage's opinion relating to Plaintiff's mental health limitations -- which included the conclusion that Plaintiff would have five or more partial (or full day) absences per month. PageID 1643. The ALJ rejected Dr. Barlage's opinion -- set forth in detail *supra* -- because it is "not consistent with [Plaintiff's] very conservative level of mental health treatment"; "there is nothing in [her] records to suggest that [Plaintiff's] anxiety symptoms were not fairly well-managed with medication and counseling"; and because she "is not a mental health professional,[7] and her opinion in this matter is not particularly persuasive." PageID 71.

Until March 27, 2017, "the Commissioner's regulations [that apply to this appeal] establish[ed] a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013). In descending order, these medical source opinions are: (1) treaters; (2) examiners; and (3) record reviewers. *Id.* Under the regulations in effect prior to March 27, 2017, the opinions of treaters are entitled to the greatest deference because they "are likely to be . . . most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical

---

[7] Although not entirely clear, in stating that Dr. Barlage is not a "mental health professional," it appears that the ALJ was simply noting Dr. Barlage's lack of specialization, rather than finding her not competent to offer an assessment of Plaintiff's mental limitations. PageID 71. Nevertheless, the ALJ should clarify his statement on remand. Insofar as the ALJ may have found Dr. Barlage not competent to render a mental health opinion, such a conclusion is error. *See Wert v. Comm'r of Soc. Sec.*, 166 F. Supp. 3d 935, 946 (S.D. Ohio 2016). In that regard, "it is well established that primary care physicians (those in family or general practice) 'identify and treat the majority of Americans' psychiatric disorders.'" *Id.*; *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987). It appearing that the ALJ was only commenting on Dr. Barlage's lack of a mental health specialization, the undersigned notes that, "[a]lthough specialization is a factor to be considered under the regulations" -- albeit only after conducting a controlling weight analysis -- "it does not permit an ALJ to fully reject a long-term treating physician's opinions without providing more specific reasoning concerning his or her supposed lack of expertise." *Drew v. Comm'r of Soc. Sec.*, No. 3:16-CV-00289, 2017 WL 2805098, at *6 (S.D. Ohio June 29, 2017), *report and recommendation adopted*, No. 3:16-CV-289, 2017 WL 3024248 (S.D. Ohio July 17, 2017) (citing *Marcum v. Comm'r of Soc. Sec.*, No. 3:15-cv-245, 2016 WL 4086984, at *12 (S.D. Ohio Aug. 2, 2016)).

evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 404.1527(c)(2).

A treater's opinion must be given "controlling weight" if "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the] case record." *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 384 (6th Cir. 2013). Even if a treater's opinion is not entitled to controlling weight, "the ALJ must still determine how much weight is appropriate by considering a number of factors,[8] including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also* 20 C.F.R. § 404.1527(c).[9]

Here, the ALJ failed to conduct a controlling weigh analysis regarding Dr. Barlage's opinion. PageID 71. Instead, in weighing that opinion, the ALJ focused solely on the factors set forth in 20 C.F.R. §§ 404.1527(c)(2) through (c)(5) factors -- *i.e.*, factors addressing the nature of treatment, consistency, supportability, and specialization. These factors, however, are applicable only after the ALJ decides to "not give the treating source's medical opinion controlling weight." 20 C.F.R. § 404.1527(c)(2); *see also Gayheart*, 710 F.3d at 376 (noting that certain factors are

---

[8] In essence, "opinions of a treating source . . . must be analyzed under a two-step process, with care being taken not to conflate the steps." *Cadle v. Comm'r of Soc. Sec.*, No. 5:12-cv-3071, 2013 WL 5173127, at *5 (N.D. Ohio Sept. 12, 2013). Initially, "the opinion must be examined to determine if it is entitled to controlling weight" and "[o]nly if . . . the ALJ does not give controlling weight to the treating physician's opinion is the opinion subjected to another analysis based on the particulars of" 20 C.F.R. § 404.1527. *Id.*

[9] After treaters, "[n]ext in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once." *Snell*, 2013 WL 372032, at *9. Record reviewers are afforded the least deference and these "non-examining physicians' opinions are on the lowest rung of the hierarchy of medical source opinions." *Id.* Put simply, "[t]he regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker." *Id.* (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)). In the absence of a controlling treating source opinion, an ALJ must "evaluate all medical opinions" with regard to the factors set forth in 20 C.F.R. § 404.1527(c), *i.e.*, length of treatment history; consistency of the opinion with other evidence; supportability; and specialty or expertise in the medical field related to the individual's impairment(s). *Walton v. Comm'r of Soc. Sec.*, No. 97-2030, 1999 WL 506979, at *2 (6th Cir. June 7, 1999).

"properly applied only after the ALJ has determined that a treating-source opinion will not be given controlling weight"); *Lutz v. Comm'r of Soc. Sec.*, No. 3:16-CV-210, 2017 WL 3140878, at *3 (S.D. Ohio July 25, 2017), *report and recommendation adopted*, No. 3:16-CV-210, 2017 WL 3432725 (S.D. Ohio Aug. 9, 2017). The failure to conduct a controlling weight analysis, with regard to Dr. Barlage's assessment of Plaintiff's mental limitations, is reversible error.

## IV.

When, as here, the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to reverse and remand the matter for rehearing, or to reverse and order an award of benefits. The Court has authority to affirm, modify or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991). Generally, benefits may be awarded immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 782 (6th Cir. 1987). In this instance, evidence of disability is not overwhelming, and remand for further proceedings -- as specifically set forth above -- is proper.

## V.

**IT IS THEREFORE RECOMMENDED THAT:** (1) the ALJ's non-disability finding be found unsupported by substantial evidence, and **REVERSED**; (2) this matter be **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion; and (3) this case be **CLOSED**.

Date:  February 26, 2018                           s/ Michael J. Newman
                                                                 Michael J. Newman
                                                                United States Magistrate Judge

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).